## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert N. Bradley

v.

George E. Shute, Jr.

June 28, 1979

Case No. LC-338

By JUDGE WILLARD I. WALKER

As I indicated to you in court on June 22, 1979, I would like a brief opinion as to my holdings for whatever value that might have for you in further proceedings in arbitration or otherwise.

This matter is before the court on a motion to vacate an award in arbitration in favor of the plaintiff wherein the plaintiff was allowed to recover for his architectural fees the sum of $23,804.61, and the counterclaim filed by the respondent was denied. The respondent, George E. Shute, Jr., maintains that this award is patently on its face beyond the scope of the matter submitted in arbitration.

I will not set forth the full facts of this matter in this letter opinion but will make such reference to the facts as is necessary for this opinion.

The evidence in the case consisted of the Standard Form of Agreement Between Owner and Architect (the contract of the parties) dated October 20, 1976, (Plaintiff's Exhibit 1); an agreement between the parties dated April 26, 1978, whereby the parties agreed to submit to arbitration and to nonsuit a pending action in the Circuit Court of the City of Richmond, Division II (Plaintiff's Exhibit 2); the Demand for Arbitration dated May 1, 1978, (Plaintiff's Exhibit 3); the motion for judgment of the plaintiff, Robert M. Bradley, in the Circuit Court of the City of

Richmond, Division II (Plaintiff's Exhibit 4); the grounds of defense and counterclaim of the respondent in the action in the Circuit Court of the City of Richmond, Division II (Plaintiff's Exhibit 5); the Construction Industry Arbitration Rules (Plaintiff's Exhibit 6); and the Award of the Arbitrator(s) (Plaintiff's Exhibit 7).

In addition to the foregoing exhibits, the parties stipulated that the construction loan commitment referred to in Article 14.3 of the owner-architect contract was issued May 19, 1977, and that there never was any dispute between the parties as to the construction costs on which the plaintiff's fees were to be computed.

Other than the identification of documents, the only evidence offered *ore tenus* was the testimony of Mr. Shute in which he indicated it was the parties' intention to submit certain things to arbitration. This testimony was not received by the court, nor was it considered in the court's opinion.

In the agreement of April 26, 1978, the parties agreed to nonsuit "*their respective claims* filed in a certain action at law styled *Robert M. Bradley* v. *George E. Shute, Jr.*, pending in the Circuit Court of the City of Richmond, Division II, and identified as At Law # A-118-L, which claims include Bradley's motion for judgment and Shute's counterclaim . . . ." The parties in said agreement further agreed "to submit *their respective claims* under the October 20, 1976, A.I.A. Owner/Architect contract between them to binding arbitration, pursuant to the provisions of the said contract relating to arbitration of claims by the parties." (Emphasis added.)

Article 14.3 of the 1976 A.I.A. Owner/Architect contract (Plaintiff's Exhibit 1) provides:

> No payment under this Contract shall be made unless a firm construction loan commitment is obtained from VHDA. Upon obtaining such a commitment, the entire fee shall become due and payable.

Article 6 of said contract provides for a payment schedule for the architect's basic services on a percentage basis computed as to the completion of certain phases

of the work, but Article 6 is specifically marked as being subject to Article 14.3.

Regardless of what interpretations may be placed upon the interrelationship of Article 6 and Article 14.3 of the Owner/Architect contract and other provisions of that contract, it is my opinion that the motion for judgment, grounds of defense and counterclaim of the parties in the action in the Circuit Court of the City of Richmond, Division II, frame the issues and claims between the parties, and it was those issues that the parties were intending to submit to arbitration and none others. Under the issues as framed in those actions, which were nonsuited as a consideration of the arbitration, the issue to be submitted to arbitration was whether or not the architect was entitled to all of his fee by virtue of the terms of the contract and the fact that a loan commitment had been obtained, or whether he was entitled to none of his fees. The further issue to be determined was whether or not the respondent was entitled to any of its counterclaim. On that interpretation there is no basis for the arbitrators to return an award of $23,804.61 to the architect, this being less than one-half of the full fees he would have been entitled to under the contract.

Inasmuch as the award of the arbitrators was completely outside of the scope of the submission to them, the court does not agree that that portion of their award which denied the respondent's counterclaim should be affirmed while that portion awarding recovery to the claimant, Robert M. Bradley, should be vacated and set aside; and, accordingly, the entire award of the arbitrators is to be vacated and an order has been entered to that effect.

It is my opinion that the parties are now at the point where they were when the agreement of April 26, 1978, was entered.